# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

**November 21, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* **K.B.**

**No. 18-0443** (Mingo County 17-JA-37)

## MEMORANDUM DECISION

Petitioner Mother A.B., by counsel Marsha Webb-Rumora, appeals the Circuit Court of Mingo County's April 17, 2018, order terminating her parental rights to K.B.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Cullen C. Younger, filed a response on behalf of the child in support of the circuit court's order.[2] On appeal, petitioner argues that the circuit court erred in terminating her parental rights rather than granting her a post-dispositional improvement period.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In April of 2017, the DHHR filed a petition alleging that K.B. was born prematurely and that his umbilical cord tested positive for multiple illegal substances. The DHHR alleged that

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]The guardian's response to this Court failed to include an argument responsive to petitioner's assignments of error. He also failed to cite to any authority in support of his argument or the record on appeal. We refer the guardian to Rules 10(d), 10(e), and 11(i) of the Rules of Appellate Procedure, which require briefs in abuse and neglect appeals to contain a section on the status of the children and require all respondents' briefs and summary responses to contain responses to each assignment of error and appropriate citations to both relevant authority and the record on appeal. We caution the guardian that Rule 10(j) provides for the imposition of sanctions where a party's brief does not comport with the Rules.

1

petitioner admitted that she used heroin, methamphetamine, cocaine, "benzos", and marijuana approximately two weeks before the child was born. Moreover, the DHHR alleged that petitioner's urine screen was positive for cocaine and benzodiazepine. According to the DHHR, petitioner stated that she went into labor prematurely when attempting to save the father from an attempted suicide. Petitioner waived her preliminary hearing.

The circuit court held an adjudicatory hearing in June of 2017 and, following the presentation of evidence, found that petitioner had abused and neglected K.B. by using controlled substances during her pregnancy. Accordingly, the circuit court adjudicated petitioner as an abusing parent. Petitioner moved for a post-adjudicatory improvement period and, without objection, the circuit court granted that motion. Petitioner was already admitted to an inpatient substance abuse treatment facility at this time. While at the facility, petitioner was diagnosed with "[s]evere opioid use disorder, [s]evere cocaine stimulant use disorder, [s]evere cannabis use disorder, and [g]eneralized anxiety disorder" and a "fair" prognosis for improvement.

In August of 2017, the circuit court held a review hearing for petitioner. Evidence established that petitioner completed her inpatient treatment program. Although another long-term program was recommended, no programs were immediately available. The parties agreed there were no issues with petitioner's progress. The circuit court held three review hearings in October of 2017, November of 2017, and December of 2017, and petitioner continued to perform well in her improvement period. However, in February of 2018, the circuit court held a review hearing and learned that petitioner failed several drug screens since December of 2017. Petitioner failed three drug screens for alcohol and did not appear to drug screen on one occasion. Petitioner also failed one drug screen for cocaine in early February of 2018. The circuit court scheduled a dispositional hearing.

The circuit court held the final dispositional hearing in March of 2018. The DHHR called petitioner's case worker who testified that the DHHR was seeking termination of petitioner's parental rights. The case worker testified that petitioner initially performed well in her improvement period and completed an inpatient substance abuse program. However, in December of 2017, the DHHR moved the child from his foster placement in Kentucky to a placement closer to petitioner in order to increase visitation. According to the case worker, the date that the child was moved was the first day of three consecutive drug screens in which petitioner tested positive for alcohol. The case worker called for a multidisciplinary treatment team meeting ("MDT") and the team agreed that petitioner should re-enter inpatient treatment. Petitioner did not agree to inpatient treatment, but did indicate that she would seek outpatient treatment. Following the MDT, the case worker explained that petitioner lost contact with the DHHR. Petitioner tested positive for cocaine and another MDT was called. The MDT again recommended that petitioner enter into long-term treatment and petitioner agreed to attend a program in Kentucky. However, the case worker never received documentation that petitioner entered treatment.

Petitioner testified that she completed an inpatient treatment program, obtained housing, and was currently employed, as required by her understanding of the case plan. Petitioner admitted to using alcohol, stating "[t]here's absolutely no excuse for that. I can't give you an explanation for – I mean, that's addiction." Subsequently, petitioner testified that she began

outpatient treatment. However, petitioner explained that she sought inpatient treatment after she tested positive for cocaine in February of 2018. At the time of her testimony, petitioner was twenty-seven days into her second inpatient treatment. On cross-examination, petitioner admitted she became "complacent" in her recovery and that she did not believe she needed treatment until she tested positive for cocaine in February of 2018.

Ultimately, the circuit court found that petitioner was presently unwilling or unable to care for the child despite the services provided. The circuit court further found that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected. Accordingly, the circuit court terminated her parental rights in its April 17, 2018, order. Petitioner now appeals that order.[3]

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, this Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court erred in terminating her parental rights rather than granting her motion for a post-dispositional improvement period. Petitioner asserts that she substantially complied with the terms of her improvement period and the recommendations made during MDTs. Therefore, petitioner argues that a post-dispositional improvement period was appropriate. We disagree with petitioner's assignment of error. Although petitioner argues that she substantially complied with the terms of her post-adjudicatory improvement period, petitioner does not meet the applicable burden for the granting of a second improvement period. West Virginia Code § 49-4-610(3) permits a circuit court to grant a post-dispositional improvement period when: (1) the respondent "moves in writing for the improvement period;" (2) the respondent "demonstrates, by clear and convincing evidence, that the respondent is likely to fully participate in the improvement period[;]" and (3) in the event

---

[3]The father's parental rights were also terminated in August of 2017. According to the parties, the permanency plan for the child is adoption in his current relative foster placement.

the respondent has previously been granted an improvement period, "the respondent demonstrates that since the initial improvement period, the respondent has experienced a substantial change in circumstances" and that "due to the change in circumstances, the respondent is likely to fully participate in the improvement period[.]"

Petitioner did not demonstrate that she experienced a substantial change in circumstances. During her testimony, petitioner agreed that her reinitiated substance abuse was not "a problem of where [she was] located." Rather, petitioner admitted she became "complacent" in her recovery. Although petitioner was attending an inpatient substance abuse treatment program, she previously participated in similar treatment during her first improvement period. Petitioner participated in some services provided by the DHHR, however those services and her previous inpatient treatment did not resolve her substance abuse problem. Finally, the decision to grant or deny an improvement period rests in the sound discretion of the circuit court. *See In re M.M.*, 236 W.Va. 108, 115, 778 S.E.2d 338, 345 (2015) ("West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period."). Considering petitioner's failure to demonstrate a substantial change in circumstances, we find no abuse of discretion in the circuit court's denial of petitioner's motion for a post-dispositional improvement period.

The previously mentioned evidence also supports the circuit court's termination of petitioner's parental rights. West Virginia Code § 49-4-604(b)(6) provides that termination of parental rights is appropriate upon findings that "there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and the termination is "necessary for the welfare of the child" Additionally, West Virginia Code § 49-4-604(c)(3) provides that no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected exist when "[t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts . . . designed to reduce or prevent the abuse or neglect of the child." As discussed above, petitioner submitted to inpatient substance abuse treatment, however she ultimately failed in remaining free from illicit substances. Importantly, the MDT recommended that petitioner seek help when she began abusing alcohol and petitioner refused. As noted in the case worker's testimony, alcohol is frequently a substitute for those seeking to recover from an illicit substance addiction. In her testimony, petitioner agreed that she did not seek any kind of treatment before she tested positive for cocaine. It appears that petitioner only sought treatment due to the DHHR's recommendation. Further, the record supports a finding that it was necessary for the welfare of the child to terminate petitioner's parental rights. Although petitioner was attempting to control her addiction, she relapsed back to a substance that she admitted to using during pregnancy. This Court has previously held that

> "courts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened, and this is particularly applicable to children under the age of three years who are more susceptible to illness, need consistent close interaction with fully committed adults, and are likely to have their emotional and physical development retarded by numerous placements." Syl. Pt. 1, in part, *In re R.J.M.,* 164 W.Va. 496, 266 S.E.2d 114 (1980).

4

*Cecil T.*, 228 W.Va. at 91, 717 S.E.2d at 875, Syl. Pt. 4 (2011). Considering petitioner's previous inpatient therapy and its ultimate effect, the circuit court is not required to wait and see the effectiveness of petitioner's new treatment. K.B. is a child under the age of three whose development would certainly be threatened by a mother that relapses into substance abuse. Finally,

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W. Va. Code [§] 49-6-5 [now West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W. Va. Code [§] 49-6-5(b) [now West Virginia Code § 49-4-604(c)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011). The record supports the findings necessary for termination of parental rights. Accordingly, we find no error in the circuit court's termination of parental rights and conclude that petitioner is entitled to no relief.

For the foregoing reasons, we find no error in the decision of the circuit court, and its April 17, 2018, order is hereby affirmed.

Affirmed.

**ISSUED**: November 21, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice Paul T. Farrell sitting by temporary assignment